IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  3:11cv307-WHA |
| | ) | (WO) |
| BRENT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, pro se plaintiff Arthur L. Jenkins ("Jenkins") alleges that Lee County Sheriff's Deputy Brent Davis violated his constitutional rights by improperly seizing him,[1] and conspiring with other law enforcement officials to violate his rights. Jenkins also asserts state law claims of intentional infliction of emotional distress and negligence against Deputy Davis.  The court has jurisdiction of the 42 U.S.C. §§ 1983, 1985, and 1986 claims pursuant to its federal question jurisdiction under 28 U.S.C. § 1331. Similarly, the court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367(a).

This case is now pending before the court on the defendant's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6).  (Doc. # 7).  On June 13, 2011, the plaintiff filed a

---

[1] In Counts I and II of his complaint, Jenkins repeatedly asserts his right to be free from excessive and unreasonable force.  *See* Doc. # 1, at 4-5, ¶¶ 24, 25, 31, and 35.  Liberally construing his complaint as the court is required to do, the court concludes that Jenkins is complaining that defendant Davis deprived him of his right to be free from an unreasonable seizure and detention in violation of the Fourth Amendment to the United States Constitution.

response to the defendant's motion to dismiss. (Doc. # 14). After carefully reviewing the defendant's motion to dismiss and the plaintiff's response to the motion, the court concludes that the motion is due to be granted in part and denied in part.

## II.  THE STANDARD OF REVIEW

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11ᵗʰ Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* , 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted).

*Fin. Sec. Assur., Inc. v. Stephens, Inc.* 500 F.3d 1276, 1282 (11ᵗʰ Cir. 2007).

"[A] plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). *See also Perkins v. Silverstein,* 939 F.2d 463, 466-67 (7ᵗʰ Cir. 1991)

(plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims"). In *Twombly, supra.*, the Court "rejected the notion that "a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.* 500 F.3d 1293, 1303 (11th Cir. 2007).

## III.  FACTS

Jenkins alleges that in September 2009, Deputy Davis was investigating his son's business as a civil process server. On September 9, 2009, Jenkins voluntarily went to the Lee County Sheriff's Office to assist in the investigation. (Doc. # 1, at 2, ¶ 9). Initially upon entering the interrogation room with Deputy Davis, Jenkins believed he was free to leave the room if necessary. (*Id*.) During the six hours of questioning, Jenkins requested that he be allowed to leave. (*Id*., at 5, ¶ 33). For example, at one point during the investigation, Jenkins told Davis, "I need to leave. I have medication to take." (Doc. # 14, at 2). Deputy Davis allegedly responded, "I'm not finished yet. I'll let you know when I'm finished." (*Id*.). According to Jenkins, he "was held against his will, denied food and water, acess (sic) to medication, suffered physical discomfort for six hours and severe emotional distress and mental anguish." (Doc. # 1, Compl. at 5, ¶ 33).

## IV.  DISCUSSION

### A.  Claims against Defendant Davis in his official capacity

To the extent Jenkins sues the defendant in his official capacity, Davis argues that he

is a state officer and entitled to Eleventh Amendment immunity. Consequently, he argues he is not subject to civil liability under § 1983.[2] *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). *See also*, *Quern v. Jordan*, 440 U.S. 332 (1979) (holding that § 1983 was not intended to abrogate a state's Eleventh Amendment immunity).

> A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, [59], 116 S. Ct. 1114, 1125, 134 L. Ed. 2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities.

*Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

Under all facets of Alabama law, a county sheriff and his deputies are state officers. *Turquitt v. Jefferson County*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates county sheriff as member of State's executive department). Defendant Davis, as a deputy sheriff for Lee County, is immune from a lawsuit for damages in his official capacity under the Eleventh Amendment. *Lancaster*, 116 F.3d at 1429; *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990). Clearly, Davis was acting within his official capacity when he investigated Jenkins' son, interrogated Jenkins, and then denied Jenkins' request to leave, effectively seizing and detaining him. Therefore, the court concludes that Davis' motion to

---

[2] Eleventh Amendment immunity does not foreclose suits for injunctive and/or declaratory relief; rather, if applicable, it forecloses suits for compensable damage awards.

dismiss any claims for monetary relief against him in his official capacity is due to be granted because he is absolute immune from damages in his official capacity. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Seizure and Detention in violation of the Fourth Amendment

Next, Davis argues that Jenkins can prove no set of facts in support of the excessive force claim which would entitle him to relief.  Liberally construing Jenkins' claims, it is clear that he is complaining  that he was subjected to an unreasonable seizure and detention by Deputy Davis in violation of the Fourth Amendment.  He further asserts that as a result of the constitutional violation, he suffered a loss of his liberty, mental anguish, physical pain, suffering and emotional trauma.  *See* Doc. # 1, Compl.

The Fourth Amendment guarantees that persons will be secure in their persons against unreasonable searches and seizures.  "The Fourth Amendment is implicated when a police officer either briefly detains a citizen for investigatory purposes or holds a citizen pursuant to an arrest. *United States v. Hastamorir,* 881 F.2d 1551, 1556 (11th Cir.1989)." *Bryan v. Spillman,* 217 Fed. Appx. 882, 884, (11th Cir. 2007) (No. 06-13970).  "Personal encounters between law enforcement officers and citizens are 'seizures' on occasions "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen."" *Courson v. McMillian*, 939 F.2d 1479, 1488 (11th Cir. 1991) *quoting Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

Jenkins alleges that Davis seized and detained him for at least six hours, denied him food, water and medication, and caused him injuries and emotional distress.  At this stage,

the court cannot say that the plaintiff can prove no facts to support his claim that his Fourth Amendment rights were violated or that he did not suffer an injury as the result of Davis' actions. Thus, the court concludes that the motion to dismiss is due to be denied on the plaintiff's § 1983 claim that he was seized in violation of the Fourth Amendment against Davis in his individual capacity.[3]

In the alternative, Davis asserts that he is entitled to qualified immunity for his actions because he was acting within the discretion of his authority to investigate Jenkins' son. The doctrine of qualified immunity protects government officials sued in their individual capacities as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[Q]ualified immunity is a privilege that provides 'an immunity from suit rather than a mere defense to liability.'" *Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir. 2008) (quoting *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001)). For this reason, the Supreme Court instructs courts to resolve"immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *GJR Invs., Inc. v. County of*

---

[3] The court also rejects the defendants' claims that the plaintiffs' complaint does not satisfy the heightened pleading requirements of § 1983.

*Escambia*, 132 F.3d 1359, 1370 (11ᵗʰ Cir. 1998) (Noting it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible."). District courts are no longer bound to follow the "inflexible" two-part inquiry for qualified immunity that had been required by *Saucier, supra. Pearson*, 555 U.S. 227. "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236. Under *Saucier*, the court first asked a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 533 U.S. at 201. If the answer to that question was affirmative, the next question was "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition." *Id*. The court may still apply the two-part inquiry from *Saucier* when that "order of decision making will best facilitate the fair and efficient disposition of [the] case." *Pearson*, 555 U.S. at 242. However, lower courts have the discretion to decide in which order to ask those questions. While the precise factual basis for the plaintiff's claims are difficult to discern from his complaint, at this juncture, the court construes Jenkins' claims to be that he was unreasonably seized and detained in violation of the Fourth Amendment.[4] Thus, he has alleged a deprivation of his constitutional rights. It is clearly established that seizing and detaining an individual without reasonable

---

[4]   Of course, the "facts" stated in the complaint may not be the facts at all. However, the court's role is not to make factual determinations on a motion to dismiss.

suspicion or probable cause violates the Fourth Amendment.  *See Anderson v. Creighton*, 483 U.S. 635 (1987); *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990).  At this juncture, while many of the facts are unclear and disputed, construing the facts favorably to Jenkins, Davis seized and detained him, in essence arrested him, because he was not free to leave. Thus, the court cannot conclude, at this stage, that Jenkins can prove no set of facts which would entitle him to relief on his constitutional claim and the defendant is not entitled to qualified immunity.[5]  The defendant's motion to dismiss based on qualified immunity is due to be denied.

### C.     Conspiracy

A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy.  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  The court has carefully reviewed the plaintiffs' complaint.  Other than his conclusory allegations, the plaintiff has presented no facts that even remotely establish that the defendant entered into a conspiracy to violate his constitutional rights.  Simply asserting a conspiracy, without more, is simply insufficient to defeat the defendant's motion to dismiss. *See Twombly*, *supra*.  Thus, the court concludes that the defendant's motion to dismiss the conspiracy claim is due to be granted.

---

[5]  At the motion to dismiss stage, the court must rely on the pleadings and the court cannot, at this stage, say that the plaintiff can establish no facts that would allow him to prevail.  The defendant may, however, raise this defense and challenge the sufficiency of the plaintiff's claims at a later date in a motion for summary judgment against Jenkins, at which time, he would have to come forward with evidence in support of his claims.

### D.   The State Law Claims

Jenkins asserts state law claims of intentional infliction of emotional distress and negligence.[6]  For the reasons already stated, that there are disputed issues of fact regarding these claims, the court cannot conclude, at this juncture, that the plaintiff can prove no set of facts which would entitle him to relief on his state law claims.   Accordingly, the defendant's motion to dismiss the state law claims is also due to be denied.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)   That the defendant's motion to dismiss the claims against him in his official capacity be GRANTED.

(2)   That to the extent the plaintiff asserts that the defendant violated his Fourth Amendment rights to be free from unreasonable seizures, the defendant's motion to dismiss be DENIED.

(3)   That the defendant's motion to dismiss the conspiracy claims be GRANTED.

(4)   The defendant's motion to dismiss the state law claims of intentional infliction of emotional distress, negligence and false imprisonment be DENIED.

(5)   That on or before **September 16, 2011**, the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive

---

[6]  Construing the pro se complaint liberally, as this court must do, it is arguable that the plaintiff has also raised a false imprisonment claim.

9

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of September, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE