IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR L. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  3:11cv307-WHA |
| | ) | (WO) |
| BRENT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, pro se plaintiff Arthur L. Jenkins ("Jenkins") alleges

that Lee County Sheriff's Deputy Brent Davis violated his constitutional rights by improperly

seizing him.[1]  Jenkins also asserts state law claims of intentional infliction of emotional

distress and negligence.  The court has jurisdiction of the 42 U.S.C. § 1983 claim pursuant

to its federal question jurisdiction under 28 U.S.C. § 1331.  Similarly, the court has

supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367(a).

This case is now pending before the court on the defendant's motion for summary

judgment (doc. # 37) filed on February 23, 2012.  After being given an opportunity, the

plaintiff filed nothing in response or opposition to the defendant's motion.  After careful

consideration and review, the court concludes that the motion for summary judgment is due

---

[1] In Counts I and II of his complaint, Jenkins repeatedly asserts his right to be free from excessive and unreasonable force. *See* Doc. # 1, at 4-5, ¶¶ 24, 25, 31, and 35.  Liberally construing his complaint as the court is required to do, the court concludes that Jenkins is complaining that defendant Davis deprived him of his right to be free from an unreasonable seizure and detention in violation of the Fourth Amendment to the United States Constitution.

to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with

---

[2]  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment.

*Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).  Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is

admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

### III. FACTS[3]

Defendant Brent Davis is employed as an Investigator by the Lee County Sheriff. (Doc. # 39, Ex. 1, Aff. Davis at 1, ¶ 2). On September 8, 2009, Jenkins voluntarily went to the Lee County Sheriff's Department because Deputy Davis was investigating his son's business as a civil process server. (Doc. # 39, Ex. 2, Dep. Arthur Jenkins at 62-63). When Jenkins arrived at the Sheriff's department, he, his son and his son's girlfriend, Lisa Banks, were in a hallway for approximately five minutes before they were taken into the secured investigators' area. (*Id*. at 64-65, 69). When they were in the secured investigators' area, Jenkins' son was taken into another room by himself. (*Id*. at 66-67). After waiting two hours, Jenkins asked "How much longer is this going to take?" (*Id*. at 74). Someone responded "We will tell you when we're finished."[4] (*Id*.)

At some point, Jenkins said "I need to take some medicine. I haven't had anything to eat. I'm supposed to take food with my medicine." (*Id*. at 68-69). Jenkins does not identify to whom he directed these comments. Thereafter, Jenkins asked if he could go to the bathroom, and he was escorted to the restroom. (*Id*. at 74).

Jenkins remained at the Sheriff's office for approximately six hours. (*Id*. at 73). He did not ask anyone whether he was free to leave. (*Id*. at 77).

---

[3] Although at this stage of the proceedings, this court takes the facts alleged by the non-movant as true and construes them in the light most favorable to it, the plaintiff has filed nothing in opposition to the motion for summary judgment. In support of his motion, defendant Davis has filed his affidavit and the plaintiff's deposition. The facts set forth herein are culled from these documents and are undisputed.

[4] Jenkins was unable to identify the person who made this remark. (Doc. # 39, Ex. 2 at 67-68).

Deputy Davis interrogated Jenkins for "an hour or so." (*Id*. at 79-80). Jenkins did not ask to leave during the interrogation because he "was trying to answer [Davis'] questions." (*Id*. at 82). During the questioning, Jenkins did not ask for permission to use the restroom, request food or water, ask to take his medication, or request permission to leave. (*Id*. at 82-84, 113).

After speaking with Deputy Davis, Jenkins returned to the secured investigators' area to wait with Ms. Banks for his son. He did not feel that he could leave because Davis had not told him he could go. (*Id*. at 95). Jenkins and Banks waited approximately another two hours until Davis said "It's over with now," and got up to let them leave the secured investigators' area. (*Id*. at 96). At that time, Jenkins asked about his son, and Davis told him that his son was under arrest for impersonating a police officer. (*Id*. at 96-97).

Jenkins waited in the lobby for approximately another thirty minutes. (*Id*. at 98). He and his sister posted bail for his son, and they left the sheriff's department. (*Id*. at 100).

## IV.  DISCUSSION

### A.  Fourth Amendment Claim

Liberally construing Jenkins' claim, it is clear that he is complaining that he was subjected to an unreasonable seizure and detention by Deputy Davis in violation of the Fourth Amendment. He further asserts that as a result of the constitutional violation, he suffered a loss of his liberty, mental anguish, physical pain, suffering and emotional trauma. *See* Doc. # 1, Compl.

The Fourth Amendment guarantees that persons will be secure in their persons against

unreasonable searches and seizures. "The Fourth Amendment is implicated when a police officer either briefly detains a citizen for investigatory purposes or holds a citizen pursuant to an arrest. *United States v. Hastamorir,* 881 F.2d 1551, 1556 (11th Cir.1989)." *Bryan v. Spillman,* 217 Fed. Appx. 882, 884, (11th Cir. 2007) (No. 06-13970). "Personal encounters between law enforcement officers and citizens are 'seizures' on occasions "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen."" *Courson v. McMillian*, 939 F.2d 1479, 1488 (11th Cir. 1991) *quoting Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

The plaintiff has sued Deputy Davis under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hospital, Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981). Thus, in order to prevail, the plaintiff must demonstrate that he was "deprived . . . of a right secured under the Constitution or federal law." *Willis v. University Health Servs., Inc.,* 993 F.2d 837,

840 (11th Cir. 1993).  Although Jenkins alleges that Davis violated his Fourth[5] and Fourteenth

Amendment right to be free from unreasonable seizures, he has failed to demonstrate that

he was seized in violation of the Fourth Amendment.[6]  The undisputed evidence before the

court demonstrates that Jenkins voluntarily went to the Sheriff's Department to support his

son; he went to "see what was going on."  (Doc. 39, Ex. 2, Dep. Jenkins at 62-63).  Jenkins

sat in a secured investigators' area but Jenkins admits he was waiting for his son.  (*Id*. at 66-

67).  He further concedes that he was not told that he was under arrest, or that he could not

could not leave.  (*Id*. at 70-72).  "A seizure occurs whenever the police "restrain[ ] the

---

[5]  Jenkins was not under arrest at the time of the alleged constitutional violation. Thus, the analysis is under the Fourth Amendment.

[6]  The court pretermits discussion of Davis' assertion of qualified immunity because the court concludes that Jenkins has not established a violation of his constitutional rights.

The doctrine of qualified immunity protects government officials sued in their individual capacities as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[Q]ualified immunity is a privilege that provides 'an immunity from suit rather than a mere defense to liability.'" *Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir. 2008) (quoting *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001)).  For this reason, the Supreme Court instructs courts to resolve "immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998) (Noting it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible.").

District courts are no longer bound to follow the "inflexible" two-part inquiry for qualified immunity that had been required by *Saucier, supra*.  *Pearson*, 555 U.S. 227.  "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236.  Under *Saucier*, the court first asked a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 533 U.S. at 201.  If the answer to that question was affirmative, the next question was "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition." *Id*.  The court may still apply the two-part inquiry from *Saucier* when that "order of decision making will best facilitate the fair and efficient disposition of [the] case." *Pearson*, 555 U.S. at 242. Because Jenkins has failed to demonstrate that Davis' conduct violated the Fourth Amendment, the court need not address the second prong of the analysis.

freedom of a person to walk away." *Brower v. Cnty. of Inyo,* 489 U.S. 593, 595 (1989) (quoting *Tennessee v. Garner,* 471 U.S. 1, 7 (1985))." *Am. Fed'n of Labor & Congress of Indus. Org. v. City of Miami, Fl,* 637 F.3d 1178, 1191 (11th Cir. 2011). *See also Porter v. Jewell,* 453 Fed. Appx. 934, 937 (11th Cir. 2012).

According to Jenkins, he was "under arrest" because he was waiting in the secured investigators' area. The mere fact that the door to the area was locked does not transform the encounter into an arrest violative of the Fourth Amendment. *See Brower,* 489 U.S. at 599 ("'Seizure' alone is not enough for § 1983 liability; the seizure must be "unreasonable."). It is undisputed that Jenkins was not told that he was under arrest, and that, at no time, did he ask to leave. (*Id.* at 75-77). In fact, when he was waiting for his son, Jenkins asked to use the restroom, and he was permitted to do so. (*Id.*). When Davis was questioning Jenkins, Jenkins concedes he did not ask for permission to leave, and he did not ask for water, food or medication. (*Id.* at 82-83).

Jenkins has presented no evidence to suggest that he was, at any time, seized by Deputy Davis within the meaning of the Fourth Amendment. Jenkins' belief that he was "under arrest" because he was waiting for his son in a secured investigators' area is simply insufficient to turn the encounter at the sheriff's office into an 'unreasonable seizure" in violation of the Fourth Amendment.

> Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Id.* at 1381. Thus, a Fourth Amendment seizure occurs "only when there is a governmental termination of freedom of movement *through means intentionally applied.*" *Id.* (emphasis in original).

*Porter*, 453 Fed. Appx. at 937.

Jenkins has come forth with no evidence from which a reasonable jury could conclude that the encounter at issue violated his constitutional rights.  Accordingly, the court concludes that the plaintiff has failed to demonstrate that there exists genuine disputes of material fact, and the defendant is entitled to summary judgment on this claim.

## B.  The State Law Claims

Jenkins also asserts state law claims of intentional infliction of emotional distress, false  imprisonment, and negligence.[7]  The court concludes that the defendant's motion for summary judgment regarding these claims is due to be granted for two reasons.  First, Davis asserts that he is entitled to absolute immunity.  The law is well established that in Alabama, pursuant to Article I, § 14 of the Alabama Constitution, sheriffs and deputy sheriffs enjoy absolute immunity when "acting within the line and scope of their employment."  *See Lancaster v. Monroe Cnty*, 116 F.3d 1419, 1431 (11th Cir. 1998); *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996).  Jenkins complains about actions Davis allegedly took during his interrogation of Jenkins.  Clearly, conducting an interrogation during a criminal investigation is within the line and scope of Davis' employment as a deputy sheriff.  Thus, the court concludes that Davis is entitled to absolute immunity on Jenkins' state law claims.

Davis also asserts that he is entitled to discretionary function immunity from all claims

---

[7]  Construing the pro se complaint liberally, as this court must do, it is arguable that the plaintiff has raised a false imprisonment claim.

11

pursuant to ALA. CODE § 6-5-338(a) (1975).[8]  The plaintiff alleges no facts and make no argument in response to the defendant's motion for summary judgment on the state law claims based discretionary function immunity.  He points the court to no evidence that would suggest that discretionary function immunity pursuant to ALA. CODE § 6-5-338 are inapplicable.  Arguments and grounds alleged in the complaint but not relied upon in responding to a motion for summary judgment are deemed abandoned.  *See Road Sprinkler Fitters Local Union No. 669, supra.*  Accordingly, the court concludes that Davis is also entitled to discretionary function immunity pursuant to ALA CODE § 6-5-338 on the plaintiff's state law claims.  For the reasons as stated, the court concludes that Davis' motion for summary judgment on the plaintiff's state law claims is due to be granted.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be GRANTED, that this case be DISMISSED with prejudice, and that costs be TAXED AGAINST the plaintiff.  It is further

---

[8] ALA. CODE  § 6-5-338(a) provides in pertinent part as follows:

Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

ORDERED that on or before **June 28, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of June, 2012.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE